**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Antonio Dieargo Patterson, | ) | Case No. 8:22-cv-411-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| State of South Carolina, | ) | |
| Sheriff Kristin Graziano | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 8) recommending that the Court dismiss Petitioner's petition without prejudice and without requiring the Respondent to file a return. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Petitioner's petition without prejudice.

## I.    Background

Petitioner, a detainee at the Charleston County Detention Center (the "Detention Center"), seeks habeas relief pursuant to 28 U.S.C. § 2241. Petitioner contends that he is being detained pursuant to a civil commitment petition filed by the State of South Carolina under the Sexually Violent Predator Act ("SVP"). Petitioner contends that an SVP petition was filed in the Charleston County Court of Common Pleas at case number 2020-cp-10-00680; that he has been incarcerated at the Detention Center since September 1, 2020, when he maxed out of his underlying sentence; and that the SVP proceedings remain pending in the state court without Petitioner having an opportunity to contest the probable cause of his continued detention. Petitioner appears to assert that he has not yet been committed under the SVP, and he is challenging his incarceration on the ground that he has not been afforded due process of law.

On February 15, 2022, the Magistrate Judge filed an R&R recommending that Petitioner's petition be dismissed without prejudice and without requiring Respondent to file a return. (Dkt. No. 8).  Petitioner filed objections to the R&R. (Dkt. No. 10).

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Because Petitioner filed objections to the R&R, the R&R is reviewed de novo.

## III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Petitioner's petition should be dismissed without prejudice.  Namely, the Magistrate Judge correctly determined that Petitioner's claims are not properly before the Court based on the *Younger* abstention doctrine. *See Younger v. Harris,* 401 U.S. 37 (1971) (federal courts should not equitably interference with state criminal proceedings except in the most narrow and extraordinary of circumstances); *Gilliam v. Foster*, 75 F.3d 881 (4th Cir. 1996) (en banc) (same); *Harper v. Public Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) (*Younger* abstention applies to

"noncriminal judicial proceedings when important state interests are involved"); *Tyler v. Bogle*, No. 9:18-cv-1513-MGL-BM, 2018 WL 4017687, at *2 (D.S.C. Aug. 7, 2018) (collecting cases and articulating *Younger*'s application to SVP proceedings).  The Magistrate Judge also correctly determined that Petitioner's claims are not properly before the Court because Petitioner has failed to exhaust his state court remedies. *Smith v. Blanton*, No. 8:09-cv-01506-HFF-BHH, 2009 WL 1922301, at *2 (D.S.C. June 30, 2009) ("Any person seeking federal habeas corpus relief must first exhaust any state court remedies that are available to them."); *LaSure v. South Carolina*, No. 9:18-cv-2399-RBH-BM, 2019 WL 2146992, at *2 (D.S.C. Feb. 15, 2019) ("a writ of habeas under 28 U.S.C. §§ 2241 or 2254 can be sought only after a petitioner has exhausted his state court remedies") (footnote omitted), *Report and Recommendation adopted* by 2019 WL 1614841 (D.S.C. Apr. 16, 2019); *Smith*, 2009 WL 1922301, at *2 (detailing the statutory mechanism provided by the SVP Act to challenge "at trial" any "unfavorable results of the evaluation before a state civil judge) (citing S.C. Code Ann. § 44-48-80). Petitioner filed objections which the Court addresses below. (Dkt. No. 10).[1]

Petitioner's principal objection concerns the Magistrate Judge's finding that Petitioner did not exhaust his state court remedies. (Dkt. No. 10 at 1-5). On this point, Petitioner states that "no state remedies w[ere] available to him." (*Id.* at 1-2) (arguing no "probable cause challenge hearing" was held within 72 hours of his "probable cause hearing").  The Court rejects Petitioner's objection. As Petitioner's own allegations make clear, a probable cause hearing was conducted as mandated by S.C. Code Ann. § 44-48-80(B), (Dkt. No. 1 at 2, 6)—information confirmed by

---

[1] The Court notes that Petitioner did not object to the Magistrate Judge's finding that *Younger* Abstention dictates dismissal. *See generally* (Dkt. No. 10).  Accordingly, regardless of the merit of Petitioner's objections concerning the R&R's finding that Petitioner did not exhaust his administrative remedies, Petitioner has conceded that this action is subject to dismissal.

entries on the publicly available docket related to the pending SVP action. *See* (Dkt. No. 8 at 2 & n.2); *see also* Petitioner's Objections (Dkt. No. 10 at 3) (admitting that a probable cause was held in April 2020). To the extent Petitioner argues that the SVP Act provides for not only a "probably cause hearing" but also a separate "probable cause *challenge* hearing," (Dkt. No. 10 at 2), the Court rejects the contention as contrary to the plain text of the SVP Act, which provides for no such thing. *See Smith*, 2009 WL 1922301, at *2 (*"The South Carolina SVP Act . . . provides for certain steps such as a 'probable cause' determination by a state civil judge and an evaluation by professional specialists, § 44–48–80, and the opportunity for the civilly committed person, through appointed counsel, to challenge 'at trial' any unfavorable results of the evaluation before a state civil judge. Additionally, if the civilly committed individual does not prevail at the civil trial level, the state of South Carolina also provides appellate judicial review of findings made by the civil trial judge under the Act."*) (internal citations omitted); § 44-48-80(B) ("Immediately upon being taken into custody pursuant to subsection (A), the person must be provided with notice of the opportunity to appear in person at a hearing to contest probable cause as to whether the detained person is a sexually violent predator. This hearing must be held within seventy-two hours after a person is taken into custody pursuant to subsection"). Accordingly, Petitioner's objections are overruled.

## IV.    Certificate of Appealability

A Certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Where the Court denies relief on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

-5-

The Court finds a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that this Court lacks jurisdiction over Petitioner's petition.

## V.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 8) as the order of Court and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 25, 2022
Charleston, South Carolina